FILED

JUL 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FELIPE RAMIREZ-VALDES, | No. 08-72494 |
| Petitioner, | Agency No. A098-950-721 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2013
Pasadena, California

Submission Withdrawn March 13, 2013
Resubmitted July 5, 2013

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Felipe Ramirez-Valdes, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") denying him asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

withholding of removal, and Convention Against Torture ("CAT") relief. We remand for the BIA to consider intervening authority in the first instance.

Ramirez-Valdes, a former member of the Mexican Special Forces, claims that he has a well-founded fear of persecution for three reasons: his membership of a social group of military defectors; his apprehension that the Los Zetas gang will recruit and harm him; and his status as a whistleblower. The BIA found Ramirez-Valdes ineligible for relief. It denied his asylum application as time-barred and denied his claims to withholding of removal and CAT relief on the merits.

We affirm the BIA's denial of Ramirez-Valdes's asylum claim on the ground that it was untimely. Asylum applicants must file their application within one year of entry into the United States. 8 U.S.C. § 1158(a)(2)(B). However, that deadline can be equitably tolled if the applicant shows "extraordinary circumstances relating to the delay in filing an application within the period specified." *Id.* § 1158(a)(2)(D). Even assuming that this court has jurisdiction to hear Ramirez-Valdes's claim that his depression is grounds for equitably tolling the filing deadline, substantial evidence supports the BIA's determination that his depression was not sufficiently severe to excuse his failure to timely file an asylum application.

Ramirez-Valdes is eligible for withholding of removal if he can "demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotation marks omitted). To be eligible for CAT relief, he must show that it is more likely than not that he will be tortured upon removal to a given country. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). This court recently issued two opinions that bear on Ramirez-Valdes's claims for withholding of removal and CAT relief: *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013), and *Tapia-Madrigal v. Holder*, No. 10-73700 (9th Cir. May 15, 2013).

Ramirez-Valdes first claims that he has a well-founded fear of persecution based on his membership in the social group of military deserters. He bases this claim on harassment and death threats he incurred while in the military. The BIA never considered whether this group could qualify as a social group. It instead concluded that the incidents Ramirez-Valdes experienced in the military were not evidence of persecution "on account of" any protected ground; rather, they were the result of "personal animosity or vendetta."

In *Henriquez-Rivas*, an en banc panel of this court clarified this circuit's test for what "constitute[s] a particular social group." 707 F.3d at 1083. Further, both *Henriquez-Rivas* and *Tapia Madrigal* make clear that the BIA errs when it assumes

3

that an act based on personal animosity could not also be on account of a protected ground. "[I]f a retributory motive exists alongside a protected motive, an applicant need show only that a protected ground is 'one central reason' for his persecution." *Tapia Madrigal*, slip op. at 12 (quoting 8 U.S.C. § 1158(b)(1)(B)(i)); *see also Henriquez-Rivas*, 707 F.3d at 1088, 1092.

We remand for the BIA to reconsider Ramirez-Valdes's withholding of removal and CAT claims based on his fear of persecution as a military deserter. The BIA should consider whether "former military [members] who deserted" qualifies as a particular social group under the test set forth in *Henriquez-Rivas*, and whether Ramirez-Valdes has shown that his membership in that group would be "one central reason" for any persecution he might experience. *Id.* While "[m]istreatment suffered while an applicant was an active military member does not by itself" provide a basis for relief, *Tapia Madrigal*, slip op. at 8, Ramirez-Valdes can rely on that evidence in order to demonstrate his "individualized risk of experiencing similar mistreatment" in the future, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir. 2003); *see also Chanco v. INS*, 82 F.3d 298, 302-03 (9th Cir. 1996) (considering evidence of persecution while applicant was a current military member to support claim based on status as a former military member).

4

Second, Ramirez-Valdes claims a well-founded fear of persecution on account of his membership in the social group of "former military . . . who are target[s] for guerrilla groups like the ZETAS because of their former military training." He bases this claim on visits by unidentified persons to his family home. The BIA never decided whether Ramirez-Valdes put forward a valid particular social group. Instead, it denied Ramirez-Valdes's claim for two reasons: (1) recruitment by Los Zetas cannot constitute persecution under *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992), and (2) Ramirez-Valdes had not established that the persons seeking to meet with him were members of the Los Zetas gang.

Ramirez-Valdes's case is not controlled by *Elias-Zacarias*, 502 U.S. at 483, for two reasons. First, *Elias-Zacarias* held that guerrilla recruitment did not qualify as persecution on account of a political opinion. It did not speak to whether guerrilla recruitment could constitute persecution on account of a membership in a particular social group – an entirely separate ground for withholding of removal. Second, Ramirez-Valdes is not just an average member of society, but is a former member of the military and the special forces – a particular social group the BIA has previously recognized. *See Matter of Acosta*, 19 I. & N. Dec. 211, 232-34 (BIA 1985), *overruled in part on other grounds by INS v.*

5

*Cardoza-Fonseca*, 480 U.S. 421 (1987). Forcible recruitment into a guerrilla group can be persecution if on account of a protected ground. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

As to the identity of the persecutors, *Tapia Madrigal* clarified how the agency should address such an issue. The court in *Tapia Madrigal* emphasized that Tapia Madrigal could satisfy his "burden with circumstantial evidence" about the identity of his persecutors. Slip op. at 10. The court noted that "[b]ecause [Tapia Madrigal's] explanation for the post-military events is plausible and supported by circumstantial evidence, it must be credited in the absence of an explanation that is at least as plausible." *Id.* The court remanded "for the BIA to determine whether other plausible explanations for the post-military incidents exist and, if so, whether Tapia Madrigal has met his burden to establish that Los Zetas are likely responsible." *Id.* It also remanded Tapia Madrigal's CAT claim for the BIA to determine whether "public officials at the state and local level in Mexico would acquiesce in any torture Tapia Madrigal is likely to suffer." Slip op. at 20.

Ramirez-Valdes has submitted for the record circumstantial evidence that members of Los Zetas have visited him, as well as corroborating evidence that former special forces officers are particularly vulnerable to Los Zetas recruitment. He has also provided evidence that Los Zetas commanders have been arrested in

6

his home state, and evidence that individuals who refuse to join the Los Zetas may be seriously harmed or killed. He has declared that he will refuse to join Los Zetas if asked. Following *Tapia Madrigal*, we remand Ramirez-Valdes's withholding of removal and CAT claims based on persecution by Los Zetas. On remand, the BIA should consider whether Ramirez-Valdes has defined a "particular social group" under *Henriquez-Rivas*, and whether he has established that there is no other explanation "at least as plausible" as his explanation that Los Zetas are seeking him. As regards his CAT claim, the BIA should consider whether public officials at the state and local level would acquiesce in any possible torture.

Third, Ramirez-Valdes claims that he is eligible for withholding of removal and CAT relief based on his status as a whistleblower. *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000) (holding that whistleblowing "may constitute political activity sufficient to form the basis of persecution on account of political opinion"). Ramirez-Valdes claimed eligibility for relief based on "his imputed political opinion" before the BIA, but the BIA never addressed this claim. On remand, the BIA should address this claim in the first instance.

Finally, we note that an "IJ should consider the cumulative impact of all of the hardships to which [petitioner] has been subjected in determining whether []he was persecuted, or whether []he has a well-founded fear of persecution upon h[is]

7

return." *Zhang v. Gonzales*, 408 F.3d 1239, 1249 (9th Cir. 2005). Withholding of removal is mandatory if the petitioner establishes that his "life or freedom would be threatened" in the country to which he would be removed on account of one of the five protected grounds. 8 U.S.C. § 1231(b)(3)(A); *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1092 (9th Cir. 2005). Even if the BIA finds that Ramirez-Valdes's bases for relief do not individually support withholding of removal, it should also consider whether the cumulative impact of these threats together compels such a result.

Because the BIA has not yet considered Ramirez-Valdes's arguments in light of *Henriquez-Rivas* and *Tapia-Madrigal,* we remand this case so that the BIA may consider the effects of those decisions in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**GRANTED and REMANDED.**